# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beattie B. Ashmore, In His Capacity as Court-Appointed Receiver for Ronnie Gene Wilson and Atlantic Bullion and Coin, Inc., )<br>)<br>)<br>)<br>Plaintiff(s),   )<br>)<br>v.                               )<br>)<br>Lucile M. and Hewlett K. Sullivan, Jr.,  )<br>)<br>Defendants.         )<br>_____ ) | Civil Action No. 8:15-cv-00563-JMC<br><br><br><br><br>**ORDER AND OPINION** |

Plaintiff Beattie B. Ashmore ("Plaintiff"), in his capacity as court-appointed receiver for Ronnie Gene Wilson ("Wilson") and Atlantic Bullion and Coin, Inc. ("AB&C"), filed the instant action against Defendants Lucile M. Sullivan and Hewlett K. Sullivan, Jr. (together "Defendants") to recover grossly excessive payments received by Defendants as a return on their investment in the Wilson-AB&C Ponzi scheme.[1]  (ECF No. 1.)

This matter is before the court pursuant to Defendant Lucile M. Sullivan's ("Lucile Sullivan") Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c). (ECF No. 7.)  Plaintiff opposes Lucile Sullivan's Motion to Dismiss in its entirety.  (ECF No. 12.)  For the reasons set forth below, the court **DENIES** Lucile Sullivan's Motion to Dismiss.

---

[1] "A Ponzi scheme is a fraudulent investment program in which funds are paid in by investors and later investors['] funds are used to pay out nonexistent phantom profits to the original investors, thus creating the illusion that the fraudulent investment program is a successful, profit generating enterprise which, in turn attracts new investment funds that are used to sustain the fraudulent program."  United States v. Wilson, Cr. No. 8:12-cr-00320-JMC, ECF No. 1-1 at 2 ¶ 6 (D.S.C. Apr. 4, 2012).  In Wilson, the United States alleged that Wilson, through AB&C, "orchestrated a Ponzi scheme whereby he led investors to believe that he was investing their money in silver, when, in fact, Wilson was not buying silver but using the money for his personal gain . . . [and] [t]o keep the Ponzi scheme going, Wilson also made payments to earlier investors to whom Wilson made representations that their investments were earning high rates of return–sometimes in excess of 200 percent.  Id. at ECF No. 17 at 1.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

Plaintiff is the court appointed Receiver in <u>In Re: Receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc.</u>, C/A No. 8:12-cv-02078-JMC, ECF No. 1 (D.S.C. July 25, 2012), a case related to the instant matter. Plaintiff alleges that "[o]n August 24, 2001, Defendants made an initial 'investment' [in the Wilson-AB&C Ponzi scheme] of $21,750.00." (ECF No. 1 at 4 ¶ 24.) "Subsequently, Defendants made additional 'investments' of $211,350.00 between September 8, 2003 and February 3, 2009 for a total investment of $239,100.00." (<u>Id.</u> at ¶ 25.) Plaintiff further alleges that "Defendants withdrew a total of $3,448,110.00 [from the Wilson-AB&C Ponzi scheme] between September 2002 and February 2012 resulting in a profit of $3,209,010.00." (<u>Id.</u> at ¶ 26.)

Based on his appointment as Receiver tasked with "locating, managing, recouping, and distributing the assets of the Wilson-AB&C investment scheme," Plaintiff commenced the instant action against Defendants on February 6, 2015, asserting claims for fraudulent transfer (in violation of the Statute of Elizabeth, S.C. Code Ann. § 27-23-10 (2014)) and unjust enrichment. (ECF No. 1 at 1 ¶ 1 & 6 ¶ 38–7 ¶ 52.) On March 26, 2015, Defendant Hewlett K. Sullivan, Jr. answered the Complaint and Lucile Sullivan filed the instant Motion to Dismiss. (ECF Nos. 6, 7.) Thereafter, on April 13, 2015, Plaintiff filed a Memorandum in Opposition to Lucile Sullivan's Motion to Dismiss (ECF No. 12), to which Lucile Sullivan filed a Reply to Plaintiff's Memorandum (ECF No. 13) on April 23, 2015.

## II.     JURISDICTION

The court has jurisdiction over this matter under 28 U.S.C. § 1331 pursuant to Plaintiff's allegation that the Complaint "is so related to the <u>In Re Receiver</u>, 8:12-CV-2078-JMC case and the underlying criminal case, <u>United States v. Wilson, et al</u>, 8:12-cr-00320[,]" cases in which the

court has jurisdiction, "that it forms part of the underlying case or controversy." (ECF No. 1 at 1 ¶ 3.) The court may properly hear Plaintiff's state law claims for fraudulent transfer and unjust enrichment based on supplemental jurisdiction since these claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

### III. LEGAL STANDARD

A. <u>Motion to Dismiss for Failure to State a Claim</u>

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." <u>Francis v. Giacomelli</u>, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); <u>see also</u> <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. <u>Ostrzenski v. Seigel</u>, 177 F.3d 245, 251 (4th Cir. 1999); <u>Mylan Labs.</u>, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

B.    Motion for Judgment on the Pleadings

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is intended to test the legal sufficiency of the complaint and will operate to dispose of claims "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noted facts." Cont'l Cleaning Serv. v. UPS, No. 1:98CV1056, 1999 WL 1939249, at *1 (M.D.N.C. Apr. 13, 1999) (citing Herbert Abstract v. Touchstone Props., Inc., 914 F.2d 74, 76 (5th Cir. 1990)). "[A] motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)."[2] Deutsche Bank Nat'l Trust Co. v. IRS, 361 F. App'x 527, 529 (4th Cir. 2010) (citing Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009)); see also Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

## IV.    ANALYSIS

As the basis for her Motion to Dismiss, Lucile Sullivan asserts that her name was not on the account with Wilson-AB&C and Hewlett K. Sullivan, Jr. was the only account holder with Wilson-AB&C. (ECF No. 7 at 2.) As a result, Lucile Sullivan argues that she is entitled to dismissal of the action against her because she "made no investments with Ron Wilson and Atlantic Bullion & Coin" and "she cannot be liable for a clawback action on an account that

---

[2] The key difference between a Rule 12(b)(6) motion and a Rule 12(c) motion is "that on a 12(c) motion, the court is to consider the answer as well as the complaint." Fitchett v. Cnty. of Horry, S.C., C/A No. 4:10-cv-1648-TLW-TER, 2011 WL 4435756, at *3 (D.S.C. Aug. 10, 2011) (quoting Cont'l Cleaning Serv., 1999 WL 1939249, at *1); see also A.S. Abell Co. v. Balt. Typographical Union No. 12, 338 F.2d 190, 193 (4th Cir. 1964).

didn't belong to her." (Id. at 3.) In support of her arguments, Lucile Sullivan cites to the Defendant Hewlett K. Sullivan, Jr.'s Answer in which he alleged that he "was the accountholder" with Wilson-AB&C and "[a]t no point in time was Lucile an account holder." (ECF No. 6 at 3 ¶ 8.)

In opposing the Motion to Dismiss, Plaintiff asserts that he has alleged "sufficient facts to support a claim against Lucile M. Sullivan" and her Motion to Dismiss should be denied. (ECF No. 12 at 1.)

Upon review, the court observes that Fed. R. Civ. P. 8(a) only requires "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 570). Therefore, without addressing the ultimate merit of Plaintiff's claims, the court finds that Plaintiff's Complaint adequately alleges facts, taken as true, which demonstrate that both Lucile Sullivan and Hewlett K. Sullivan were grossly-excessive beneficiaries of the Wilson-AB&C Ponzi scheme. (E.g., ECF No. 1 at 4 ¶¶ 24–26, 6 ¶¶ 37, 40–43 & 7 ¶¶ 48–52.) Accordingly, Lucile Sullivan is not entitled to dismissal of the Complaint under Fed. R. Civ. P. 12(b)(6) and/or 12(c).

## V.     CONCLUSION

Upon careful consideration of the parties' arguments and for the reasons set forth above, the court hereby **DENIES** Defendant Lucile M. Sullivan's Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c). (ECF No. 7.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 2, 2016
Columbia, South Carolina