IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beattie B. Ashmore, in his capacity as court-appointed Receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc., )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Lucile M. and Hewlett K. Sullivan, Jr., )<br>)<br>Defendants. )<br>_____ ) | Civil Action No.: 8:15-cv-00563-JMC<br><br>**ORDER AND OPINION** |

Plaintiff Beattie B. Ashmore, in his capacity as court-appointed Receiver for Ronnie Gene Wilson ("Wilson") and Atlantic Bullion and Coin, Inc. ("AB&C"), filed this action against Defendants Lucile M. Sullivan and Hewlett K. Sullivan, Jr. to recover grossly excessive payments received by Defendants as a return on their investment in the Wilson-AB&C Ponzi scheme.[1]

This matter is before the court pursuant to Plaintiff's Motion to Substitute (ECF No. 93). Specifically, Plaintiff requests that the court, pursuant to Rule 25 of the Federal Rules of Civil Procedure, substitute Lucille M. Sullivan as successor to the Estate of Hewlett K. Sullivan, Jr. for Hewlett K. Sullivan, Jr., now deceased, in this action. For the reasons set forth below, the court **GRANTS** Plaintiff's Motion to Substitute (ECF No. 93).

---

[1] "A Ponzi scheme is a fraudulent investment program in which funds are paid in by investors and later investors['] funds are used to pay out nonexistent phantom profits to the original investors, thus creating the illusion that the fraudulent investment program is a successful, profit generating enterprise which, in turn attracts new investment funds that are used to sustain the fraudulent program." *United States v. Wilson*, Cr. No. 8:12-cr-00320-JMC, ECF No. 1-1 at 2 ¶ 6 (D.S.C. Apr. 4, 2012). In *Wilson*, the United States alleged that Wilson, through AB&C, "orchestrated a Ponzi scheme whereby he led investors to believe that he was investing their money in silver, when, in fact, Wilson was not buying silver but using the money for his personal gain. . . [and] [t]o keep the Ponzi scheme going, Wilson also made payments to earlier investors to whom Wilson made representations that their investments were earning high rates of return –sometimes in excess of 200 percent." *Id*. at ECF No. 17 at 1.

1

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is the court appointed Receiver in *In Re: Receiver for Ronne Gene Wilson and Atl. Bullion & Coin, Inc.*, C/A No.: 8:12-cv-02078-JMC, ECF No.1 (D.S.C. July 25, 2012), a case related to this matter. Plaintiff alleges that "[o]n August 24, 2001, Defendants made an initial 'investment' [in the Wilson-AB&C Ponzi scheme] of $21,750.00." (ECF No. 1 at 4 ¶ 24.) "Subsequently, Defendants made additional 'investments' of $211,350.00 between September 8, 2003 and February 3, 2009 for a total investment of $239,100.00." (*Id.* at ¶ 25.) Plaintiff further alleges that "Defendants withdrew a total of $3,448,110.00 [from the Wilson-AB&C Ponzi scheme] between September 2002 and February 2012 resulting in a profit of $3,209,010.00." (*Id.* at ¶ 26.)

Based on his appointment as Receiver tasked with "locating, managing, recouping, and distributing the assets of the Wilson-AB&C investment scheme," Plaintiff commenced this action against Defendants on February 6, 2015, asserting claims for fraudulent transfer (in violation of the Statute of Elizabeth, S.C. CODE ANN. § 27-23-10 (2014)), and unjust enrichment. (ECF No. 1 at 1 ¶ 1 & 6 ¶ 38-7 ¶ 52.)

In August of 2015, Hewlett K. Sullivan, Jr. passed away. (ECF No. 94 at 2.) On December 11, 2017, Plaintiff filed a Motion to Substitute Lucile M. Sullivan, Hewlett's wife and successor to the Estate of Hewlett K. Sullivan, Jr., for Hewlett K. Sullivan, Jr. (ECF No. 93.) On December 4, 2017, Defendant Lucille M. Sullivan filed a response in opposition to Plaintiff's Motion stating that (1) Plaintiff's Motion is untimely under Federal Rule of Civil Procedure 25 and (2) in the alternative, the action under the Statute of Elizabeth does not survive Hewlett's K. Sullivan, Jr.'s death. (ECF No. 94.) On December 11, 2017, Plaintiff filed a reply to Defendant's response

stating that (1) the time limit for filing a motion to substitute under Rule 25 has not expired and (2) it is fair to permit the substitute of a party under the circumstances of this case. (ECF No. 98.)

## II. ANALYSIS

### A. Federal Rule of Civil Procedure 25(a)(1)

Rule 25(a)(1) of the Federal Rules of Civil procedure states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Defendant Lucile M. Sullivan asserts that the reference, specifically in her Answer and 26.03 Interrogatory Responses, to the death of Hewlett K. Sullivan, Jr. or Plaintiff's knowledge of Mr. Sullivan's death are sufficient to trigger the 90-day deadline set forth in Rule 25 of the Federal Rules of Civil Procedure. (ECF No. 94 at 3.)

However, Defendant Lucile M. Sullivan never served a statement noting his death as required by Rule 25. Specifically, Rule 25 requires service of a "statement noting death" pursuant to Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 25. "The statement noting death is a formal filing that must be in writing and served on all parties." *Morris v. Santander Bank, N.A.*, 2017 U.S. Dist. LEXIS 186908, at *2 (S.D. W.Va. Nov. 13, 2017). "That the parties know about the death of a party, or the mere reference to a party's death in pleadings, is not sufficient to qualify as a statement noting death. *Id*. at *3. "Thus, neither the parties' knowledge of the death, nor the mentioning of death in pleadings will trigger the 90-day window for filing the motion to substitute [and] there is no time limit for filing the statement noting death." *Id*.; *see also Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985) ('[Rule 25] imposes no time limit for the

substitution other than that commenced by proper service of a suggestion of death upon the record.").

After Hewlett's death, no formal estate was ever opened and, as such, no personal representative was ever appointed. (ECF No. 93 at 1 n.1.) Lucile M. Sullivan is, however, listed as the successor on the forms submitted to the probate court. (ECF No. 93-1.) "The successors or representatives of the decedent are those empowered to assert any legal claims of the decedent not extinguished by death, or to defend the estate against others' claims." *Law v. Town of Fairfax*, 2017 U.S. Dist. LEXIS 103220, at *3 n.2 (D.S.C. July 5, 2017). As such, Lucile M. Sullivan, as successor to the Estate of Hewlett K. Sullivan, Jr., is the proper party to be substituted in the case.

**B. Substitution of Party**

Defendants espouse that the action under the Statute of Elizabeth does not survive Hewlett K. Sullivan, Jr.'s death. (ECF No. 94 at 4.) The court disagrees. The court has been informed that Plaintiff intends to ask the Greenville County Probate Court to re-open the Estate of Hewlett K. Sullivan, Jr. to appoint a personal representative or special administrator, and to set aside the summary small estate administration that occurred. (ECF No. 98 at 2.) In the Greenville County Probate Court, the successor to the Estate of Hewlett K. Sullivan, Jr., utilized the small estate proceedings procedure although that probate court's rules do not permit that procedure where there is litigation pending against the decedent. (*Id.*; ECF No. 98-2.) If the probate court had been properly informed that the instant case was pending against Hewlett K. Sullivan, Jr. at the time of his death, the Greenville County Probate Court would have required that the informal probate procedure be utilized for the Last Will & Testament with the appointment of a personal representative and allowance of creditor's claims.

Here, Plaintiff stands in the shoes of a creditor who had a claim pending against decedent at the time of his death. After the probate court re-opens the Estate of Hewlett K. Sullivan, Jr., pursuant to S.C. CODE ANN. § 62-3-804(2) (2013), the estate should be kept open until this federal court legal proceeding has ended. And, if Plaintiff obtains a judgement against the Estate of Hewlett K. Sullivan, Jr., and the amount of assets in the probate estate is inadequate to satisfy the judgment, pursuant to S.C. CODE ANN § 62-7-505(a)(3) (2015), the property held in a revocable trust at the time of the settlor's death is subject to claims of the settlor's creditors. At the time of his death, Hewlett K. Sullivan, Jr. was the settlor of the Hewlett K. Sullivan, Jr. Revocable Trust and that Trust has a value today of approximately $2.5 million, excluding the value of the real property held by the Trust. (ECF No. 98-3.)

Motions to substitute under Rule 25 of the Federal Rules of Civil Procedure should be freely granted as long as circumstances have not arisen rendering it unfair to allow for the substitution. *See generally Wilcox v. Ozmint*, 2012 WL 1416520, at *2 (D.S.C. April 3, 2012). Based on the occurrence in the Greenville County Probate Court, and because the 90-day window has not been triggered, denoting that the time limit for substitution has not passed, the court finds that there are no circumstances rendering it unfair to decedent, his estate, or anyone else to permit the substitution of Lucile M. Sullivan as successor to the Estate of Hewlett K. Sullivan, Jr. as a party in this case.

### III.  CONCLUSION

Based on the foregoing, Plaintiff's Motion to Substitute (ECF No. 93) is **GRANTED**.

**IT IS SO ORDERED.**

                                              United States District Judge

December 21, 2017
Columbia, South Carolina