IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beattie B. Ashmore, in his capacity as court-appointed Receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Lucile M. and Hewlett K. Sullivan, Jr., <br><br> Defendants. | Civil Action No.: 8:15-cv-00563-JMC <br><br> **ORDER AND OPINION** |

Plaintiff Beattie B. Ashmore, in his capacity as court-appointed Receiver for Ronnie Gene Wilson ("Wilson") and Atlantic Bullion and Coin, Inc. ("AB&C"), filed this action against Defendants Lucile M. Sullivan and Hewlett K. Sullivan, Jr. to recover grossly excessive payments received by Defendants as a return on their investment in the Wilson-AB&C Ponzi scheme.[1] This matter is before the court pursuant to Plaintiff's Motion to Strike the errata sheet of Defendant Lucile (ECF No. 96). For the reasons set forth below, the court **GRANTS** Plaintiff's Motion to Strike (*Id.*).

---

[1] "A Ponzi scheme is a fraudulent investment program in which funds are paid in by investors and later investors['] funds are used to pay out nonexistent phantom profits to the original investors, thus creating the illusion that the fraudulent investment program is a successful, profit generating enterprise which, in turn attracts new investment funds that are used to sustain the fraudulent program." *United States v. Wilson*, Cr. No. 8:12-cr-00320-JMC, ECF No. 1-1 at 2 ¶ 6 (D.S.C. Apr. 4, 2012). In *Wilson*, the United States alleged that Wilson, through AB&C, "orchestrated a Ponzi scheme whereby he led investors to believe that he was investing their money in silver, when, in fact, Wilson was not buying silver but using the money for his personal gain. . . [and] [t]o keep the Ponzi scheme going, Wilson also made payments to earlier investors to whom Wilson made representations that their investments were earning high rates of return –sometimes in excess of 200 percent." *Id.* at ECF No. 17 at 1.

# I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is the court-appointed Receiver in *In Re: Receiver for Ronne Gene Wilson and Atl. Bullion & Coin, Inc.*, C/A No.: 8:12-cv-02078-JMC, ECF No.1 (D.S.C. July 25, 2012), a case related to this matter. Plaintiff alleges that "[o]n August 24, 2001, Defendants made an initial 'investment' [in the Wilson-AB&C Ponzi scheme] of $21,750.00." (ECF No. 1 at 4 ¶ 24.) "Subsequently, Defendants made additional 'investments' of $211,350.00 between September 8, 2003 and February 3, 2009 for a total investment of $239,100.00." (*Id.* at ¶ 25.) Plaintiff further alleges that "Defendants withdrew a total of $3,448,110.00 [from the Wilson-AB&C Ponzi scheme] between September 2002 and February 2012 resulting in a profit of $3,209,010.00." (*Id.* at ¶ 26.) Defendant Lucile is the wife of Defendant Hewlett K. Sullivan, Jr. ("Hewlett"). (ECF No. 94 at 2.)[2]

Based on his appointment as Receiver tasked with "locating, managing, recouping, and distributing the assets of the Wilson-AB&C investment scheme," Plaintiff commenced this action against Defendants on February 6, 2015, asserting claims for fraudulent transfer (in violation of the Statute of Elizabeth, S.C. CODE ANN. § 27-23-10 (2014)), and unjust enrichment. (ECF No. 1 at 1 ¶ 1 & 6 ¶ 38-7 ¶ 52.)

On December 6, 2017, Plaintiff filed a Motion to Strike the errata sheet of Defendant Lucile dated October 31, 2017, for failure to comply with Rule 30(e) of the Federal Rules of Civil Procedure. (ECF No. 96.) Specifically, Plaintiff requests that the court strike the errata sheet because it was submitted without listing reasons for the changes and because Defendant Lucile attempts to make improper substantive changes. (*Id.*) On December 18, 2017, Defendant Lucile filed a response in opposition, arguing that her corrections were consistent with her testimony and

---

[2] In August of 2015, Hewlett passed away. (ECF No. 94 at 2.)

Federal Rule of Civil Procedure (30)(e)(B) allows for changes in form or substance. (ECF No. 101.)

## II. ANALYSIS

"Rule 30(e)(1) explains when and how a deponent may alter his deposition testimony." *E.I. du Pont Nemours & Co. v. Kolon Indus., Inc.*, 277 F.R.D. 286, 294 (E.D.Va. 2011). "To effectuate Rule 30's policy of accuracy, courts generally insist on strict adherence to the technical requirement of this provision." *Id*. "The first relevant procedural requirement at issue here is found in 30(e)(1)(B) which requires the deponent to sign a statement listing the changes and reasons for making them." *Id*. (internal quotations omitted). In the present case, Defendant Lucile, in response to her depositions that were taken on June 29, 2017 and September 14, 2017, provided her corrections, but did not initially present the reasons for her corrections. (ECF No. 96-1.) Upon Plaintiff's rebuke, Defendant Lucile explained that the errata sheet provided by the court report did not provide a column to list the reasons for her changes, and the reasons were inadvertently omitted from her Affidavit. (ECF No. 101 at 1.) Thereafter, Defendant filed an updated errata sheet dated December 13, 2017, stating the reasons for her corrections. (ECF No. 101-3.)

The court notes that the case Defendant Lucile relies upon for the proposition that Federal Rule of Civil Procedure 30(e) allows for changes in form or substance states explicitly that "changes [are allowed] *as long as the changes strictly conform to the procedural requirements of the Rule*." *Gilliam v. Valmont-Columbia Galvanizing, Inc.*, No. 3:13-1575-CMC, 2015 WL 4429350, at *2 (D.S.C. July 20, 2015) (emphasis added). Rule 30 requires any changes to deposition testimony to be made within thirty days of being notified that the transcript is available, yet Defendant Lucile's articulated reasons for the corrections were submitted beyond the thirty-

day deadline. (ECF No. 101-3); *see E.I du Pont de Nemours and Co.*, 277 F.R.D. at 296 ("Corrections to previous errata submissions must fall within [the] thirty day window."). Compliance with Rule 30(e)(1)(B) is mandatory and does not make a reference to what type of form one receives from the court reporter.

Additionally, although courts are divided respecting the leeway to be given to deponents under Rule 30(e) to alter the substance of prior testimony, and there is no controlling authority on point in the Fourth Circuit, the district court in *E.I du Pont de Nemours and Co.* explained that "the errata process . . . [cannot] be used to allow post-deposition revision of testimony to conform a witness' testimony to enhance a party's case." 277 F.R.D. at 297. Many of the changes by Defendant Lucile propose substituting Hewlett in place of "us" or "we," in an attempt to enhance her defense. For example, Defendant Lucile ventures to change two consecutive answers from describing money "we made" (referring to her and her late husband Hewlett) to money "Hewlett made." (ECF No. 96-2 at 5.) However, no less than 13 of the 16 total withdrawals from AB&C were deposited into a joint bank account of Hewlett and Defendant Lucile. (ECF No. 109 at 3.) Further, Defendant Lucile, during her deposition, discussed her responsibility as the sole manager of Hewlett's finances after his health deteriorated:

> A: I wrote all of the checks that were written for anything. If you look at our bank accounts, you will not see him sign a check for hardly anything. I wrote all checks. I wrote all correspondence. I did whatever he told me to do as far as investments or putting money into this account or that account.
>
> Q. So after Hewlett's stroke in 2009 until Ron Wilson was arrested in 2012, would you be the one that would call either [Ron Wilson's] office or him and ask for a withdrawal?
>
> A. Yes.

(ECF No. 101-2 at 4-5.)

The court will not allow the requested substantive changes to be made because they are purported to be based on unfavorable deposition testimony. "Rather than advancing the pursuit of truth in discovery, a policy of liberal 'amendments' and 'corrections' would encourage and intensify lawyer wordsmithing and parsing." *Wyeth v. Lupin LTD*, 252 F.R.D. 295, 297 (D. Md. 2008). As the court in *Wyeth* stated, "[a deponent] cannot change testimony in a material way, simply because on review, it does not like the answer as given." *Id*. Accordingly, the court finds that allowing Defendant Lucile's corrections would go against the purpose behind Rule 30 to elicit the true facts of a case before trial.

### III.  CONCLUSION

Based on the foregoing, the court **GRANTS** Plaintiff's Motion to Strike (ECF No. 96).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 23, 2018
Columbia, South Carolina