IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Beattie B. Ashmore, in his capacity as court-appointed Receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Lucile M. and Hewlett K. Sullivan, Jr., <br><br> Defendants. | Civil Action No.: 8:15-cv-00563-JMC <br><br> **ORDER AND OPINION** |

This matter is before the court on Defendant Lucile M. Sullivan's ("Defendant Lucile") Motion to Reconsider the court's Order granting the Motion to Substitute (ECF No. 103) filed by Plaintiff Beattie B. Ashmore, in his capacity as court-appointed Receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc. (ECF No. 113.) For the reasons set forth below, the court **DENIES** Defendant Lucile's Motion for Reconsideration (*id.*).

I.     **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is the court appointed Receiver in *In Re: Receiver for Ronne Gene Wilson and Atl. Bullion & Coin, Inc.*, C/A No.: 8:12-cv-02078-JMC, ECF No.1 (D.S.C. July 25, 2012), a case related to this matter. Plaintiff alleges that "[o]n August 24, 2001, Defendants made an initial 'investment' [in the Wilson-AB&C Ponzi scheme][1] of $21,750.00." (ECF No. 1 at 4 ¶ 24.)

---

[1] "A Ponzi scheme is a fraudulent investment program in which funds are paid in by investors and later investors['] funds are used to pay out nonexistent phantom profits to the original investors, thus creating the illusion that the fraudulent investment program is a successful, profit generating enterprise which, in turn attracts new investment funds that are used to sustain the fraudulent program." *United States v. Wilson*, Cr. No. 8:12-cr-00320-JMC, ECF No. 1-1 at 2 ¶ 6 (D.S.C. Apr. 4, 2012). In *Wilson*, the United States alleged that Wilson, through AB&C, "orchestrated a Ponzi scheme whereby he led investors to believe that he was investing their money in silver, when, in fact, Wilson was not buying silver but using the money for his personal gain. . . [and] [t]o

1

"Subsequently, Defendants made additional 'investments' of $211,350.00 between September 8, 2003 and February 3, 2009 for a total investment of $239,100.00." (*Id*. at ¶ 25.) Plaintiff further alleges that "Defendants withdrew a total of $3,448,110.00 [from the Wilson-AB&C Ponzi scheme] between September 2002 and February 2012 resulting in a profit of $3,209,010.00." (*Id*. at ¶ 26.)

Based on his appointment as Receiver tasked with "locating, managing, recouping, and distributing the assets of the Wilson-AB&C investment scheme," Plaintiff commenced this action against Defendants on February 6, 2015, asserting claims for fraudulent transfer (in violation of the Statute of Elizabeth, S.C. CODE ANN. § 27-23-10 (2014)), and unjust enrichment. (ECF No. 1 at 1 ¶ 1 & 6 ¶ 38-7 ¶ 52.)

In August of 2015, Hewlett K. Sullivan, Jr. ("Defendant Hewlett") passed away. (ECF No. 94 at 2.) On December 11, 2017, Plaintiff filed a Motion to Substitute Defendant Lucile, Defendant Hewlett's wife and successor to the Estate of Hewlett K. Sullivan, Jr., for Defendant Hewlett. (ECF No. 93.) On December 4, 2017, Defendant Lucile filed a response in opposition to Plaintiff's Motion stating that (1) Plaintiff's Motion is untimely under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 25[2] and (2) in the alternative, the action under the Statute of Elizabeth does not survive Defendant Hewlett's death. (ECF No. 94.) On December 11, 2017, Plaintiff filed

---

keep the Ponzi scheme going, Wilson also made payments to earlier investors to whom Wilson made representations that their investments were earning high rates of return – sometimes in excess of 200 percent." *Id*. at ECF No. 17 at 1.

[2] Fed. R. Civ. P. 25(a)(1) states:
> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made *within 90 days* after service of a statement noting the death, the action by or against the decedent must be dismissed (emphasis added).

a reply to Defendant Lucile's response stating that (1) the time limit for filing a motion to substitute under Fed. R. Civ. P. 25 has not expired and (2) it is fair to permit the substitution of a party under the circumstances of this case. (ECF No. 98.)

On December 21, 2017, the court granted Plaintiff's Motion to Substitute Defendant Lucile as successor to the Estate of Hewlett K. Sullivan, Jr. (ECF No. 103.) On January 18, 2018, Defendant Lucile filed a Motion for Reconsideration of the court's Order. (ECF No. 113.) Specifically, Defendant Lucile states that: (1) the court's reference in its Order to *Fariss v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir. 1985) is inapplicable; (2) Fed. R. Civ. P. 25 does not describe any required content or form of the notice of death; and (3) the court fails to address the fact that the Statute of Elizabeth does not survive the death of Defendant Lucile's husband, Defendant Hewlett. (*Id.*) On February 1, 2018, Plaintiff filed a response in opposition to Defendant Lucile's Motion, asserting that she does not meet the standard for reconsideration and attempts to re-litigate the same arguments that the court has already properly rejected. (ECF No. 123.)

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 59(e), a court may alter or amend a judgment if the movant shows (1) an intervening change in the controlling law; (2) new evidence that was not previously available; or (3) that there has been a clear error of law or a manifest injustice. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010).

## III. ANALYSIS

Because there has not been an intervening change in the controlling law or new evidence that was not previously available, the court only addresses whether there has been a clear error of law or manifest injustice. First, the court disagrees with Defendant Lucile that *Fariss* is

inapplicable. The court relies on *Fariss* solely for the proposition that Fed. R. Civ. P. 25 "imposes no time limit for the substitution other than that commenced by proper service of a suggestion of death upon the record." 769 F.2d at 962. Any difference in the underlying facts is irrelevant to the court's purpose in citing *Fariss*; namely that Fed. R. Civ. P. 25 simply controls the substitution of a party after death.

Second, Fed. R. Civ. P. 25 does describe a required form of notice of death. Fed. R. Civ. P. 25(a)(3) proclaims that a statement noting death must be served in the same manner as a motion to substitute, which is pursuant to Fed. R. Civ. P. 5. Fed. R. Civ. P. 5(b) explains how service is to be made, and does not make reference to filings, such as an answer or interrogatory, as being sufficient statements noting death (as Defendant Lucile suggests). "The statement noting death is a formal filing that must be in writing and served on all parties." *Morris v. Santander Bank, N.A.*, 2017 U.S. Dist. LEXIS 186908, at *2 (S.D. W.Va. Nov. 13, 2017). "That the parties know about the death of a party, or the mere reference to a party's death in pleadings, is not sufficient to qualify as a statement noting death. *Id*. at *3. "Thus, neither the parties' knowledge of the death, nor the mentioning of death in pleadings will trigger the 90-day window for filing the motion to substitute [and] there is no time limit for filing the statement noting death." *Id*.

Lastly, the court did in fact address Defendant Lucile's contention that the Statute of Elizabeth does not survive the death of her husband. The court specifically stated, "Defendant [Lucile] espouses that the action under the Statute of Elizabeth does not survive [Defendant] Hewlett's death . . . The court disagrees." (ECF No. 103 at 4.) Defendant Lucile is listed as the successor to Defendant Hewlett on the forms submitted to the probate court and the informal probate procedure allows for creditor's claims, such as those by Plaintiff in his capacity as court-

4

appointed Receiver.[3] (ECF No. 93-1.) Defendant Lucile's statement that the court overlooks the continued recognition in South Carolina of a common law exception to survival regarding causes of action for fraud and deceit is incorrect as applied to this matter.

Defendant cites two cases, *Mattison v. Palmetto State Life Ins. Co.*, 197 S.C. 256 (1941) and *Ferguson v. Charleston Lincoln Mercury, Inc.*, 349 S.C. 558 (2002), for the proposition that fraudulent claims under South Carolina law do not survive. (ECF No. 113 at 4.) However, in both cases, the deceased person was a plaintiff, not a named defendant as in the present case. South Carolina Code § 15-5-90 (2018), titled "Survival of Right of Action," supports the premise that Plaintiff's claims survive in this matter. "Causes of action for and in respect to any and all injuries to the person or to personal property shall survive both to and against the personal or real representative . . . of a deceased person." S.C. CODE ANN. § 15-5-90 (2018). Plaintiff, as court-appointed Receiver, stands in the shoes of a creditor who had a claim pending against decedent at the time of his death. Therefore, not only does Plaintiff's Statute of Elizabeth cause of action survive Defendant Hewlett's death, but it is proper to substitute Lucile M. Sullivan as the successor to the Estate of Hewlett K. Sullivan, Jr.

## IV. CONCLUSION

Based on the foregoing, the court finds that there has not been a clear error of law or manifest injustice. Therefore, the court **DENIES** Defendant Lucile's Motion for Reconsideration (ECF No. 113).

---

[3] At the time of his death, Defendant Hewlett was the settlor of the Hewlett K. Sullivan, Jr.'s Revocable Trust and that Trust has a value today of approximately $2.5 million, excluding the value of the real property held by the Trust. (ECF No. 98-3.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 5, 2018
Columbia, South Carolina